NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000886
11-DEC-2014
09:22 AM**

NO. CAAP-14-0000886

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TARA MARIE HALL, Plaintiff-Appellee, v.
JAMES HAROLD HALL, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 13-1-6851)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant James Harold Hall's (Appellant James Hall) appeal from the Honorable Gale L.F. Ching's May 13, 2014 interlocutory "Order Re: Motion and Declaration for Pre-Decree Relief, Filed December 23, 2013 and Motion and Declaration for Pre-Decree Relief, Filed January 17, 2014" (the May 13, 2014 interlocutory order) because the May 13, 2014 interlocutory order does not qualify as an independently appealable final order or decree pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006), under which "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law

and fact upon the same terms and conditions as in other cases in the circuit court[.]" (Emphasis added). In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2013). Under Hawai'i case law, a family court divorce case is eligible for appellate review under HRS § 571-54 only after the family court enters a final judgment, order or decree that dissolves the parties' marriage:

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Black v. Black, 6 Haw. App. [493], 728 P.2d 1303 (1986). In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted). The May 13, 2014 interlocutory order is not independently appealable under HRS § 571-54 and the holding in Eaton v. Eaton because the family court has not yet dissolved the marriage between Appellant James Hall and Plaintiff-Appellee Tara Marie Hall.

Although exceptions to the finality requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), the May 13, 2014 interlocutory order

does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent an appealable final judgment, order or decree, we lack appellate jurisdiction over this appeal, and Appellant James Hall's appeal is premature. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000886 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 11, 2014.

Chief Judge

Associate Judge

Associate Judge

-3-